Sedgwick, J.
If a debtor conveys his property upon trust to pay creditors equally or some by preference, it is good, and yet it is true that the assignment absolutely hinders and prevents creditors even touching the property by legal process. It is not a fraud upon one creditor, even though it will operate to give the-whole to another. Still the assignment takes the property out of the reach of process issued in behalf of' any or all of the creditors. The character of the assignment determines that it is not fraudulent, since the creditors preferred have a right to take the whole, as against those who will get nothing and are also hindered.
A specific and conscious purpose to exclude one by preferring another,is not fraudulent under the statute.. The legal right of the parties are recognized and; applied.
In the leading case of Holbird v. Anderson (5 T. R.. 235), Shepherd obtained a judgment against Charter,, who brought a writ of error, and delayed execution until Easter term, 1792, when the judgment was affirmed. On May 7, the costs in that suit were taxed, and the same day Charter wrote a letter to Shepherd,, requesting further time, which was refused. On May *226 8, Charter, knowing Shepherd’s intention to take out execution, which he was entitled to take out that day, went to the plaintiff Holbird, who was a creditor of his, informed him of his situation, and executed a warrant of attorney to confess judgment, and on which judgment was immediately entered, and execution sued out and delivered to the sheriff two hours before Shepherd’s execution reached the sheriff’s office; but the sheriff levied under Shepherd’s writ, and returned nulla tona to the plaintiffs. The plaintiff recovered, and a new trial was refused. The court said there was no fraud in the case. The plaintiff was preferred by his debtor Charter, not with a view to any benefit to the latter, but merely to secure payment of a just debt to the former, in which I see no illegality or injustice.
The principle of this case has been constantly followed, and the result is, that to deprive a creditor of a resort to his debtor’s property is not fraudulent if the disposition actually made of it is proper, although this disposition is in fact made to prevent an execution being levied on the property assigned. The proximity in time, of the assignment, to the issuing of the execution, is immaterial, because, until execution issues there is no lien upon or quasi interest in the property, which the debtor must respect, as it limits his power of disposition.
And so it is true, that, if before an assignment, a creditor gains a right to a preference, an assignment that would have the effect of destroying that right, is fraudulent as to it. In Spear v. Wardell (1 N. Y. 144), the court decided that a creditor beginning and pursuing proceedings under the non-imprisonment act acquired a right of priority or preference, in the distribution of the debtor’s estate, and that a voluntary assignment for the benefit of creditors generally, pending proceedings against him, and in order.to defeat to the prosecuting creditor’s preference of payment, was a *227 fraud upon the act and upon the rights of the prosecuting creditor. A right which is gained, by the intervention of a statute has no more vitality than a right gained in any other way. If a debtor having the legal power of disposition for proper purposes, gives to a creditor a right to a preference, an assignment in trust for creditors, the legal effect of which is to disregard that right, should be deemed in fraud of it. I take this to be the effect of Jaques v. Greenwood (12 Abb. Pr. 232). Judge Beady, who tried the case, set the assignment aside, basing his judgment mainly upon the act of defendant’s attorney in obtaining the stay of proceedings, upon his assurance that no .assignment would be made, which agreement the judge considered was binding upon the defendant, and the violation of which rendered the assignment void. This was in substance an agreement upon the consideration of a stay, that the creditor should have the benefit of a levy of an execution upon the property.
I do not think the general term of the common pleas meant to say that this was not the proper ground of sustaining the judgment, although they said that the attempt to put in answers, when there was no defense, and obtaining the stay were parts of a general scheme to delay the plaintiff as far as possible in the collection of the debt.
Is an attempt to put in answer where there is no defense more significant of fraud or a desire to delay, than is actually putting in a plea which, after it secures great delay, is found to be insufficient or untrue, and is the obtaining of a stay, worse than taking out a writ of error to act as a supersedeas, when the law afterwards determines that the appeal has no merits % Such delay is unjustifiable, but does it at any point give the creditor a right to say, that an assignment made afterwards was meant to secure that delay, and therefore to defraud. As to delays procured simply upon appli *228 cation to a judge, is it not safer ground to take, that from the nature of the rights of parties to a litigation, any step proposed in prosecution or defense does not give to or take from either party, any other right than flows from the action of the court, as an adjudication. There may be an order based upon a stipulation. That in substance is the act of the parties, and may be a contract.
Whatever may be said of an assignment with preferences, one for equal distribution gives all that any creditor can equitably claim, before he gets a greater right by legal process. Spence says (2 Sp. Eq. Jur. 350) a debtor in securing an equal distribution of his property among his creditors is “ performing a moral duty;’ ’ and cites Pickstoch v. Lyster (3 Maule & S. 374). At least he exercises a legal right. Can it be maintained that securing delay, even by improper means, to give opportunity for the doing of this duty or the exercise of this right, is fraudulent % Mere falsehood or deception does not give a cause of action. It must be shown, that injury has been done by these means. The statute makes void an assignment that is intended to hinder. When the assignment is shown not to hinder, is its character changed by the means used to get time to make it ?
It is said, that if it had not been for the delay, a lien would have been obtained upon the goods transferred. The same thing is true in any case, if a legal and valid assignment had not been made, where no delay is procured. A delay, perhaps-improper, may have been caused to a creditor, but it is not the assignment that caused it.
As to the present case, the evidence does not show that there was an agreement not to make an assignment. How can it be ascertained (if this court is competent to make the investigation) what the judge acted on % Did he believe the assertion or rest upon it % Did he think *229 that it was immaterial whether it was true or not, seeing there were sufficient grounds outside of it, for his action ? If the judge had known that there was an assignment for equal distribution, would he have commended it as equitable, or discountenanced it, or said that it was a thing he had no right to control ? There was no order made upon stipulation ; that, in substance, is a contract, as it rests upon the act of the party.
The counsel for Vilmar presented at least a plausible claim for adjournment, in the report not having been made. The counsel for the creditors urged that the motion should go on without the report, saying he feared that Vilmar would go into bankruptcy. The counsel of Vilmar then said in answer to an inquiry by the judge, that Vilmar would not go into bankruptcy. It is argued that it was understood by this, that he would not go into any insolvent proceeding. Such a construction trenches too much upon the privileges that, from general policy, counsel must have. They act for others, upon the understanding that the other side cannot claim any concession. The parties are at arm’s length, claiming strict rights. The one counsel used words that he chose, having a definite meaning. Was it the legal duty of the other counsel to respond to anything but the words ?
In truth, what occurred was truly incidental, and probably had no relation to the order that was made. The motion was put off, so that the facts on which it must be heard could be presented to the court. In fine, I cannot see, as matter of fact, that there was any deceit, or that what was said caused a postponement of the right to issue execution.
The general delay, induced by Vilmar’s acts and promises, were not fraudulent. He said if he had time, if there were no judgment or executions to break up Ms business, he could pay everybody. His creditors did not think this an impossibility. They, as well as he, *230 saw that his property had cost a great deal of money and there was a common negotiation in the interest of the creditors generally, as well as of Vilma, to see if he could not give security on his property and go on with business.
I have examined the other grounds on which the assignment is claimed to have been fraudulent, but do not think they are valid.
The defendant should have judgment dismissing the complaint with costs and no allowance.
There will be an appeal.