CHARLES HAUSELT, Appellant, *v.* FREDERICK VILMAR et al., Respondents.

An insolvent debtor may make an assignment of all of his property for the benefit of his creditors, and he may make preferences.

If the assignment be free from fraud, it will not be avoided because it will incidentally and inevitably hinder and delay creditors; the necessary delay incident to the execution of the trust is not within the meaning or condemnation of the statute (2 R. S., 137, § 1), declaring void conveyances made with intent to hinder, delay or defraud creditors.

Where, in an equity action, there are two defendants, not joined in interest who appear by separate attorneys, put in separate answers, and both succeed, it is in the discretion of the court to allow costs to each defendant.

(Argued March 19, 1879; decided April 1, 1879.)

THIS action was brought by plaintiff as a judgment creditor of defendant Vilmar to set aside as fraudulent an assignment made by him to defendant Tag for the benefit of creditors. The trial court found that the assignment was not made to hinder, delay or defraud creditors. *Held*, that this was a question of fact, and was properly disposed of below, the

court stating the rule as above, citing *Hendricks* v. *Robinson* (2 J. Ch., 283); *Nicholson* v. *Leavitt* (70 N. Y., 510).

Defendants defended by separate attorneys and put in separate answers.  *Held*, that it was in the discretion of the court below to allow costs to each defendant.

*Lewis Sanders* for appellant.

*Edward Salomon* for respondents.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.