PARKER P. CLARK AND GEORGE H. CLARK, RESPONDENTS, *v.* DANIEL E. TAYLOR AND HENRY A. JONES, AS ASSIGNEE, APPELLANTS.

*General assignment — when it will be set aside as to a creditor induced to refrain from entering a judgment by the fraudulent representations of the assignor.*

September 4, 1882, the plaintiffs were about to enter a judgment against one Taylor, whose time to appear had expired. If such judgment had been then entered the amount thereof could have been collected upon an execution then issued thereon. To induce the plaintiffs to refrain from so doing Taylor agreed that he would pay the claim, by frequent partial payments, before November first, and that if he concluded to make a general assignment he would give the plaintiffs notice of his intention so to do twenty-four hours before executing it. Taylor also then made a statement as to his assets and liabilities, in which the former were greatly overstated and the latter understated. The proposition having been accepted Taylor paid $117.14 on the claim prior to September twenty-seventh. On September twenty-eighth Taylor, without giving any notice to the plaintiffs, made a general assignment to the defendant Jones, containing preferences, the plaintiffs being placed in the fifth class. Thirty minutes after the assignment had been recorded the plaintiffs judgment was entered and an execution issued thereon, which was returned unsatisfied.

Upon the trial of this action, brought by the plaintiffs to set aside the assignment as fraudulent as to them, the court found that Taylor intended to make the assignment at the time of entering into the agreement, and made the agreement for the purpose of preventing the plaintiffs from exercising their legal rights and to gain time in which to make the assignment.

*Held,* that the assignment was fraudulent as to the plaintiffs, and should, as to them, be set asid

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action by the court without a jury.

*D. P. Morehouse,* for the appellant Taylor.

*Rhodes, Coon & Higgings,* for the appellant Jones, assignee.

*F. E. Hamilton,* for the respondent.

FOLLETT, J.:

This is an appeal from a judgment, entered upon the decision of the Special Term, setting aside a general assignment as fraudulent and voidable as against the plaintiffs. September 4, 1882, the plaintiff had the right to immediately enter a judgment in the Supreme Court against Daniel E. Taylor for upwards of $500, his time in which to appear in the action having expired. Had this right been exercised and an execution issued, the evidence shows that the plaintiffs' demand would have been collected. To induce the plaintiffs to refrain from enforcing these remedies, Taylor agreed with the plaintiffs' attorney, that if a judgment was not entered, he would by frequent partial payments, pay the claim before November 1, 1882, and if he concluded to make an assignment, he would notify the plaintiffs' attorney of his intention twenty-four hours before its execution. During this conversation Taylor made a statement of his assets and liabilities, and the evidence conclusively shows that his assets were greatly overstated, and his liabilities greatly understated. The plaintiffs' attorney assented to Taylor's proposition and the agreement was reported to and ratified by the plaintiffs. Prior to September 27, 1882, Taylor paid on the claim $117.14. September 28, 1882, Taylor without notifying the plaintiffs' attorney executed a general assignment for the benefit of creditors, to defendant Jones. The creditors were by the assignment divided into classes, to be paid in full in their order, the plaintiffs being placed in the fifth class.

The assignee accepted of the trust and took possession of the assigned property on the same day, and at eight A. M. of the next day recorded the assignment. The plaintiffs' attorney learning of the assignment after it had been recorded, entered the judgment thirty minutes after the assignment, and issued an execution which was returned unsatisfied. This action was brought to set aside the

assignment because Taylor violated his agreement. There is substantially no dispnte about the terms of the agreement, the attorney swearing that twenty-four hours' notice was to be given, and Taylor swearing that reasonable notice was to be given, and admitting that he gave none.

It is settled in this State that an assignment for the benefit of creditors is not voidable because it prevents a creditor from acquiring a lien by an impending judgment, attachment or execution. The mere fact that a preferential assignment delays or defeats a creditor about to acquire a legal lien upon the assigned property, does not affect the validity of the assignment. Whether this assignment is fraudulent and voidable as against the plaintiffs depends upon the intent of the assignor. If it was conceived and executed for the purpose of depriving the plaintiffs of a valuable legal right, it is voidable as against them.

The court finds that when the agreement was made the defendant then intended to make the assignment, and that he made the agreement and representations for the purpose of preventing plaintiffs from exercising their legal right, and to gain time in which to make the assignment. If this is a fact, and if it wrought an injury to the plaintiffs (as it clearly did), it was a fraud which invalidates the assignment as against the plaintiffs. An assignee is not a purchaser in good faith, but stands in the shoes of the assignor. The defendants insist that the evidence is insufficient to establish a fraudulent intent. It appears that an assignment had been actually drafted before the agreement of September fourth, which fact was not stated to the plaintiffs' attorney, though it was stated by Taylor that he had thought of making an assignment but the exigency had passed. It was not true that the exigency had passed ; the note upon which suit was brought had not been arranged, as stated, and the action was still pending, which fact was not disclosed. It is conceded that the assets were over and the liabilities were understated, and that the assignment was executed in violation of the assignor's agreement. Considering these facts in connection with the other facts in the case, we cannot say that the finding is against the evidence.

In *Jaques* v. *Greenwood* (12 Abb., 232) the defendant in a judgment moved to vacate it with leave to answer, and obtained an order staying the issuing of an execution pending the decision of the

motion, upon the agreement of their attorney that they would not make an assignment. Before the motion was decided, defendants made a general assignment for the benefit of creditors, which, for this reason, was set aside as fraudulent as against the plaintiffs in the judgment. In *Spear* v. *Wardell* (1 N. Y., 144), a debtor against whom proceedings under the non-imprisonment act were pending made a general assignment. In an action brought by the creditors to set aside the assignment for this reason, it was held that though the creditor acquired no lien by his proceeding, he acquired a right to a preference over the other creditors, which could not be defeated by a voluntary assignment, which was held to be a fraud upon the act and upon the creditor's right. In *Hauselt* v. *Vilmar* (2 Abb. N. C., 222), the defendants in a judgment moved to vacate it and for leave to answer, obtaining an order staying the issuing of an execution pending the decision of the motion. While the evidence was being taken before a referee, the defendants threatened to file a petition in bankruptcy. The motion coming on to be heard upon the evidence, the defendant asked for a postponement, which was opposed because of the threat, and thereupon defendants' counsel assured the court that proceedings in bankruptcy would not be taken, and the motion was postponed. Afterwards, and on the same day, defendants made a general assignment. The plaintiffs in the judgment brought an action to set aside the assignment as fraudulent as against them; but it was sustained, the court holding that there was no agreement not to make an assignment; that what was said about not going into bankruptcy was incidental and was not the cause of postponing the creditor's right to issue an execution. This judgment was affirmed at General Term (11 J. & S., 574), and in the Court of Appeals (76 N. Y., 630), but this question was not discussed in either court. *Jaques* v. *Greenwood* (*supra*) is referred to (2 Abb. N. C., 227), and is not criticised. It should be borne in mind, in this case, that the plaintiff's attorney had made out the judgment-roll, was on his way to enter it in the clerk's office when he met Taylor, and had the conversation referred to, and had Taylor not made this agreement and representations, that in a few minutes an execution could have been levied upon the stock which would have secured the claim.

The judgment of the Special Term is affirmed, with costs.

BOARDMAN, J. :

I concur with some hesitation ; but it seems to me that the finding that Taylor made his false representations on September fourth, to prevent the entry of a judgment, and with intent at that time to take advantage of such delay by making an assignment that should cut off plaintiffs' collection, brings the case within the statute.

Judgment affirmed, with costs.

HARDIN, P. J. :

Upon evidence sufficient to support it, the trial judge found that the defendant Taylor agreed with plaintiffs " if he was pressed in any way, or if he was threatened, he would at once notify the plaintiffs' attorneys so that they might enter judgment and issue an execution thereon ahead of any assignment or other creditor."

Taylor thereby in effect assented to a lien, in favor of plaintiffs, upon his property. He did not notify plaintiffs or their attorney, but made an assignment to Jones with preferences for the benefit of his creditors, and thereby attempted to defraud the lien and to give others his property, instead of allowing the plaintiffs' lien to ripen thereon. Jones, the assignee, acquired no better title or right to the assigned property then Taylor had. He was not a purchaser in good faith for value. Equitably he took it charged with the lien or equity of plaintiffs, created by the promise of Taylor. Taylor made the promise in consideration of delay and obtained forbearance from the plaintiffs, and in good conscience and in equity ought to be bound by the agreement. It is but reasonable and equitable that Jones, the assignee, should take the assigned property of Taylor *cum onere*.

The Special Term followed out the lien to its legitimate conclusion, and declared the assets in the hands of the assignee chargeable with the payment of the balance due the plaintiffs, after crediting the payments amounting to $117.14. His conclusion meets the equities of the case and declares the proper result. We are of the opinion that the judgment is just and equitable and should be sustained.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs.