THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, RESPONDENT, *v.* JOHN M. BURKARD AND OTHERS, APPELLANTS.

*Practice — right of defendants appearing by different attorneys to separate bills of costs — Code of Civil Procedure, secs. 3228, 3229 — the burden of proving collusion rests upon the plaintiff.*

Where, in actions at law, all of the defendants have succeeded upon the trial, those who have appeared by different attorneys, who are not united in interest, are entitled to costs as of course and as a right, and they have the right to present bills of costs to the clerk and have them taxed by him without first obtaining an order of the court directing that this should be done.

This right can only be defeated by showing that parties united in interest collusively appeared by separate attorneys, in bad faith, for the purpose of enhancing the plaintiff's costs.

The burden of proving this rests upon the plaintiff, who may, if more than one bill of costs be taxed, move at Special Term for a retaxation.

APPEAL from an order of the Monroe Special Term, denying a motion for a retaxation of costs and awarding the defendants separate bills.

*Sullivan & Morris*, for appellant Burkard.

*Satterlee & Yeoman*, for appellants Fritchie.

*W. P. Goodelle*, for the respondent.

HAIGHT, J.:

This action was brought to recover upon a bond executed by the defendants as sureties for one Florack. The defendant Burkard appeared and answered by Messrs. Sullivan & Morris as his attorneys, and the defendants George and Catherine Fritchie appeared and answered by Messrs. Satterlee & Yeoman as their attorneys. The defendant Burkard admitted that notice was served and that demand of payment was made upon him as alleged in the complaint. The defendants George and Catherine Fritchie denied that notice of the demand and refusal, or either of them, was given to them at any time, or that payment was demanded. The defendant Catherine Fritchie alleged that at the time of executing the instrument she was and ever since has been a married woman, the wife of the defendant George Fritchie, and that the instrument was in no wise for her benefit or for the benefit of her separate estate. Otherwise the answers were substantially the same. The trial resulted in a nonsuit in favor of the defendant Catherine Fritchie, and a direction of a verdict in favor of the other defendants, so that all of the defendants succeeded upon the trial. They subsequently presented to the clerk separate bills of costs and asked to have the same taxed; the clerk refused to tax either of the bills, upon the ground that he had no power to tax separate bills of costs except upon the express direction of the court. The defendants then moved the Special Term, upon separate notices, for an order granting a new taxation and directing the clerk to tax their several bills of costs. These motions were denied.

This action was to recover a sum of money only, and is consequently brought within the provisions of section 3229 of the Code. That section provides: " The defendant is entitled to costs of course, upon the rendering of final judgment in an action specified in the last section, unless the plaintiff is entitled to costs as therein prescribed. But when in such an action against two or more defendants, the plaintiff is entitled to costs against one or more, but not against all of them, none of the defendants are entitled to costs of course. In that case costs may be awarded in the discretion of the court to any defendant against whom the plaintiff is not entitled to costs, where he did not unite in an answer and was not united in interest with the defendant against whom the plaintiff is entitled to costs."

It will be observed that the latter clause of the section has reference to actions against two or more defendants where the plaintiff has succeeded as to one or more, but not against all of them. This part of the section consequently has no application to the case under consideration, for in this case all of the defendants succeeded in the action. The first clause of the section is the same as section 305 of the old Code, which provided as follows: "Costs shall be allowed of course to the defendant in the actions mentioned in the last section, unless the plaintiff is entitled to costs therein." So that the authorities construing the latter section are still applicable under the first clause of section 3229 of the Code of Civil Procedure. It will further be observed that the distinction between actions founded upon contract to recover a sum of money only and those founded upon tort, has been done away with, so far as the right to recover costs is concerned.

Burrill, in his Treatise upon Practice (vol. 1, p. 274), says that "in an action against two for a tort, who sever in pleading and act by different attorneys and counsel, if both defendants be acquitted, their attorneys are each entitled to a full bill of costs against the plaintiff, so far as the services were separate and distinct."

In the case of *Ten Broeck* v. *Paige* (6 Hill, 267) the action was for assault and battery; the plaintiff was nonsuited upon the trial; the defendants appeared by different attorneys and pleaded separately; each defendant taxed a separate bill of costs in the same manner as though he had been a sole defendant, except as to the judgment record, one judgment being perfected for the aggregate of the two bills of costs. The plaintiff moved for a retaxation, and it was held that they had the right to tax separate bills of costs; but inasmuch as there could be but one judgment, there could be but one allowance for the incidental charges of perfecting the judgment.

In the case of *Lane* v. *Van Orden and another* (63 How., 237) the motion was made at Special Term to be allowed separate bills of costs. WESTBROOK, J., in delivering the opinion of the court, said: "This motion was argued as if the granting of costs to each defendant rested in the discretion of the court; but I do not so understand the Code. Very clearly, under subdivision 4 of section 3228, if the plaintiff had recovered fifty dollars or more he would have

been entitled to costs. The next section, section 3229, in the first sentence declares: 'The defendant is entitled to costs, of course, upon the rendering of final judgment in an action specified in the last section, unless the plaintiff is entitled to costs as therein prescribed.' Having made this clear provision for costs, and which is applicable to the present case, because the plaintiff has failed as to both defendants, the section proceeds to state when costs are in the discretion of the court, and that is when the action is brought against two or more defendants, in which the plaintiff is entitled to costs against one or more, but not against all of them. * * * As the Code reads, both defendants are entitled to costs, and such claim can only be disallowed upon the ground that the appearance by separate attorneys was in bad faith, and for the sole purpose of incurring costs. The burden of proving this rests upon the plaintiff."

In the case of the *Bridgeport Fire and Marine Insurance Company* v. *Wilson and others* (20 How., 511), the action was brought upon an indemnity bond executed by the defendants. The defendants taxed separate bills of costs; the plaintiff then moved at Special Term for a retaxation, which was denied and an appeal was taken to the General Term. The General Term of the Superior Court held that the defendants, appearing by different attorneys in good faith and without collusion, were entitled to tax separate bills of costs; that "in all actions for the recovery of money, section 305 of the Code gives a defendant costs as a matter of right and of course, when the plaintiff, under the provisions of section 304, is not entitled to them. And this is the rule whether the action is founded in tort or on contract."

In the case of *Williams* v. *Cassady* (59 How., 490; S. C., 22 Hun, 180), this question was considered in the Third Department. BOCKES, J., in delivering the opinion of the court, says: "It was for the party alleging collusion to move the court for the relief he desired to obtain ; the case on the record standing against him. The decision of the Special Term in this case, to the effect that before the defendants could have their separate bills taxed by the clerk they must obtain an order from the court permitting it, was erroneous. The decision of the Special Term was put upon this ground only."

In the case of *Milligan* v. *Robinson and another* (58 How., 380) the action was at law and the defendants succeeded. They appeared by separate attorneys and the clerk taxed separate bills of costs. A motion was then made at Special Term for a retaxation, and the Special Term granted the motion, allowing but one bill of costs; appeal was then taken to the General Term of the Fourth Department and the order of the Special Term was reversed.

In the case of *Royce* v. *Jones et al.* (23 Hun, 452), it was also held in the General Term of the Fourth Department, that the defendants were entitled to tax separate bills of costs, they having appeared by separate attorneys, and they had the right to so tax them without first procuring from the court an order allowing separate bills. It would thus appear that the practice has existed for many years of taxing separate bills of costs where the defendants, not connected in interest, have appeared in good faith and without collusion by separate attorneys, and that in these cases, with but one exception, the costs have been taxed by the clerk without any order from the court, and in that case the court held that the defendants were entitled to separate bills as a matter of right and of course. Our attention has been called to some decisions that have been made under section 306 of the old Code, which provided that in other actions not embraced in the two former sections, being equity actions, costs may be allowed or not in the discretion of the court; also embracing actions mentioned in the concluding clause of section 3229 of the present Code.

The case of *Allis* v. *Wheeler* (56 N. Y., 50) turned upon a construction of section 306 of the old Code, and has no bearing upon the question under consideration.

The case of *Hauselt* v. *Vilmar* (76 N. Y., 630) was an equity action and costs were in the discretion of the court.

In the case of *Williams* v. *Blumer* (49 How., 12) the decision was made at Special Term and by the same judge writing the opinion in the case of *Royce* v. *Jones* (*supra*). His decision was based upon a construction given to section 306 of the old Code.

In the case of *Fischer* v. *Langbein* (31 Hun, 272) the defendants presented separate bills of costs, which were allowed and taxed by the clerk. It was held that the defendants were not entitled to separate bills of costs of the appeal to the General Term for the

reason that but one appeal was brought and the case was argued by but one counsel.

*In the Matter of the New York, West Shore and Buffalo Railway Company to Acquire Lands of Chrystie* (28 Hun, 505) was a special proceeding, and costs in such proceedings are in the discretion of the court.

It consequently appears to us ˙that in actions at law, where all of the defendants have succeeded ˙upon the trial, those not united in interest who have appeared by different attorneys have the right to present bills of costs to the clerk and to have them taxed ; that they are entitled to costs of course, and as a right. This right can only be defeated by showing that the parties are united in interest or collusively appeared by separate attorneys in bad faith, for the purpose of enhancing the plaintiff's costs. That the burden of proving this rests upon the plaintiff. In case more than one bill of costs is taxed, he can move at Special Term for a retaxation, and that one bill be struck out. Again, the motion in this case was broad enough to call upon the Special Term to determine the question as to whether or not the defendants should be allowed separate bills of costs. It would appear from the memorandum of decision made by the Special Term that the court did not consider the question as to whether or not the defendants should be allowed separate bills of costs. We have examined the papers read upon the motion, and find no valid reasons shown why the defendants, appearing by different attorneys should not have separate bills of costs.

We are consequently of the opionion that the order should be reversed, with ten dollars costs and disbursements.

SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

So ordered.

NOTE. —The balance of the cases decided at this term of the court will be found in (41 Hun) the next volume.