Bradley, J.
The assignment, by its terms, is made to “ George Blakeslee, his successors and assigns ;” and it is contended by the plaintiff’s counsel that by reason of the word “assigns” appearing in that connection the assignment is fraudulent and void as against the assignor.
That question here cannot be distinguished from that arising in the case of Flagler v. Schoeffel, decided at the last term of this court adversely to such contention. In that case the assignment, by its terms, was to the assignee named, his heirs, executors, administrators and assigns, in trust for the creditors of the assignor. And it was held that those words did not vitiate the assignment as against such creditors. The word “assigns” is not entitled to a construction which will give to it an illegitimate effect or purpose in respect to the trust created by the instrument, and *310 the word “successors” is not necessarily an inapt one in the assignment.
Joseph Smith is one of the judgment creditors represented by the plaintiff, and recovered his judgment before a justice of the peace in an action commenced hi November, 1883, and may have proceeded thereon before the time the assignment was made, for the collection of his judgment, He testifies that when he was on his way to the justice’s office to proceed to obtain his judgment, he was met by the assignor, who complained of the proceeding so taken by him, and said to Smith that he had done wrong in doubting his honesty; that he had notes amounting to $400 or $500, and would try to get money on them ; that he (Smith) then spoke of others ready to “pounce on him,” and mentioned Wheeler and Hopkins, to which Stryker replied he had paid them ; that they then went to the justice’s office together, and the latter there confessed judgment in favor of Smith; that after the judgment was obtained Stryker then said to Smith, “If you will wait two clays I have some horses I will sell, and you will have your pay,” and that the latter said, “I will wait, but you won’t leave me out in the wet, you won’t put your property out of your hands ?” and that he answered, “No, sir.” The defendant, Stryker, testified that he remembered having a conversation with Smith on the return day of the summons, and “don’t think I told him that if he would wait two days I would pay him.” -x- * “I don’t think I said anything to Smith about any notes; that is as strong as I want to put it.”
It is contended on the part of the plaintiff that this evidence required the conclusion of the trial court of intent then of the assignor to defraud the creditor Smith, and that he sought to consummate it by the assignment made in December following.
Assuming that this evidence was sufficient to present a question of fact for the trial court upon the question of intent then entertained to defraud the creditor, Smith, by the assignment in question, it does not follow that it required such conclusion. The interest of the witness went to the credibility of his testimony, and presented to the court the inquiry whether it should be taken as true, and such would have been the case if not contradicted in any degree by any other evidence. The contradictory evidence of the assignor is not as broad in some material respects as the statement of Smith, and is a partial contradiction only; but he does not by his evidence admit the truth of the evidence given by Smith in any important respect, nor was this evidence of the creditor corroborated by the evidence of any other witness in any important particular. The court was not required to treat as true the evidence given *311 by the creditor, Smith; that was a question for it to determine in view of all the circumstances. If the court had taken as true the evidence as given by the plaintiff, there would still have been a question of fact for the court to determine whether at the time of the conversation Stryker intended by the assignment of his property to delay and defeat the collection by Smith of his debt and to defraud him as a creditor.
In Clark v. Taylor (37 Hun., 312), the plaintiff was prepared to enter judgment by default against the defendant, and the latter, to induce the plaintiff’s attorney to refrain from entering judgment and proceeding to enforce it, promised to make designated payments, and to notify the attorney if he concluded to make an assignment. He also made a statement of his assets and liabilities, greatly overstating the former and understating the latter. And before the time arrived to complete the payments he agreed to make, he made a general assignment for the benefit of his creditors, without notifying the attorney as he had promised.
The trial court there found that when this agreement was made by the defendant, he intended to make the assignment, and that he made the agreement and representations for the purpose of preventing the plaintiff from proceeding by his legal remedies to collect his debt, and to gain time to make the assignment, and that it was fraudulent as against the plaintiff. The court held on review that this conclusion was supported, and cited Jaques v. Greenwood (12 Abb., 232) and Spear v. Wardell (1 N. Y., 144). We think the case of Clark v. Taylor was well decided upon the facts found by the trial court, and that the decision in Hauselt v. Vilmar (2 Abb. N. C., 222, affirmed, 11 J. & S., 576, and 76 N. Y., 630) is not in conflict with it. It cannot be said here that the conclusion of the trial court upon the merits was not justified. It is also contended that the court erred in not permitting the witness Smith to answer the question, “Was it upon his (Stryker’s) representations that he had paid these other creditors that you mentioned, and that he would not put his property out of his hands, that you delayed proceedings on your judgment?” If this had been an action to recover damages founded in the alleged fraudulent representations of the defendant, the evidence would have been admissible and material on the question whether he had been led by them to suffer the consequences of such representations. Hardt v. Shulting, 13 Hun, 537; Bradner v. Strang, 89 N. Y., 299, 306.
But this is not such an action nor is such its purpose. The question at the trial and to be determined had relation solely to the intent of the defendant at the time he made *312 the alleged statements, and in making them to the creditor. And one inquiry was, what effect it might have upon the action of the plaintiff, and the apparent consequence in that respect. He took no steps to collect his judgment, and opportunity to do so was lost, and perhaps in that manner suffered an injury in the depreciation of the value of his property.
While whether the creditor was induced to refrain from proceeding upon his judgment by the representations and promise, is a question of fact, it is not apparent that his mental operation has any value upon the question of the intent and purpose of the debtor which was the only matter of inquiry.
The creditor, Smith, was not prejudiced by the exclusion of this evidence. And the matter of this interview had no relation to any other creditor represented by the receiver.
None of the exceptions seem to have been well taken.
If these views are correct the judgment should be affirmed.
Smith, P. J., and Haight, J., concur.