SERVIS *v.* HOLWEDE *et al.*

*(Supreme Court, General Term, Fifth Department.    October 23, 1890.)*

1. APPEAL—REVIEW OF FINDINGS.
    Findings of fact by the court cannot be disturbed on appeal where there is evidence to support them.
2. ASSIGNMENT FOR BENEFIT OF CREDITORS—PREFERENCES.
    That an assignment for benefit of creditors contains preferences is no objection to its validity.

Appeal from special term, Monroe county.

Action by William S. Servis against George Holwede and Malvina Neudahl, as administrator, etc., and John Graham, as assignee, etc. The complaint was dismissed, and plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*W. A. Sutherland,* for appellant.    *George F. Slocum,* for respondents Neudahl & Holwede.    *Myron T. Bly,* for respondent Graham.

CORLETT, J.    On the 27th day of December, 1886, the defendants Neudahl & Holwede executed a general assignment for the benefit of their creditors to John Graham, which contained preferences.    In May, 1887, the plaintiff commenced an action to set aside the assignment as fraudulent against creditors.    Issue was joined, and the cause was tried before Justice RUMSEY, at the Monroe equity term, in August, 1888.    The trial justice found the following facts and conclusions of law: "(1) That for several years before the 26th day of December, 1886, the defendants George Holwede and Albert Neudahl were partners in business in the city of Rochester, Monroe county, N. Y., where they both resided.    (2) That on the 6th day of January, 1887, the Flower City National Bank recovered a judgment against the said defendants, in this court, for $144.71; that the demand upon which said judgment was recovered accrued before the 27th day of December, 1886; that said judgment was on the 6th day of January, 1887, duly docketed in the office of the clerk of Monroe county; that on the same day an execution on said judgment was duly issued to the sheriff of Monroe county, which said execution was before the commencement of this action duly returned wholly unsatisfied; that said judgment is still wholly unpaid; that before the commencement of this action the Flower City National Bank assigned said judgment to the plaintiff.    (3) That on the 6th day of January, 1887, the Flower City National Bank duly recovered a judgment in this court against the defendant George Holwede for the sum of $118.26; that said judgment was on that day duly entered and docketed in the clerk's office of the county of Monroe; that the claim upon which said judgment was recovered was for money loaned by the said bank, which was received for and used by the said firm of Neudahl & Holwede in their business; that on the 2d day of May, 1887, and before the commencement of this action, an execution on said judgment was duly issued to the sheriff of Monroe county, which was on that day returned wholly unsatisfied, and that said judgment is wholly unpaid; that before the commencement of this action the Flower City National Bank duly assigned said judgment to the plaintiff.    (4) That on the 30th day of April, 1887, the plaintiff in this action duly recovered a judgment against said Neudahl & Holwede for the sum of $68.48, which said judgment was duly entered and docketed on that day in the clerk's office of Monroe county, and an execution was on that day duly issued to the sheriff of Monroe county on said judgment, which said execution was on the 2d day of May, 1887, and before the commencement of this action returned wholly unsatisfied; that said judgment is still wholly unpaid; that the debt upon which said judgment was recovered was contracted by said Neudahl & Holwede before the 27th day of December, 1886.    (5) That on the 27th day of December, 1886, the

said defendants Neudahl & Holwede, being then insolvent, executed to the defendant John Graham a general assignment for the benefit of their creditors; that said John Graham, as assignee, accepted said trust, and the said assignment was duly recorded in the office of the clerk of Monroe county on the 27th day of December, 1886; that the defendant John Graham was duly qualified and entered upon the discharge of his duties under said assignment. (6) That among the creditors of the firm of Neudahl & Holwede is one Alice Holwede, the wife of the defendant George Holwede; that the said firm of Neudahl & Holwede were, at the time of making said assignment, indebted to the said Alice Holwede in the sum of $175, for which they had given their promissory note on the 27th day of November, 1886; that said note was given for money which was on the date thereof loaned and advanced by the said Alice Holwede to the said firm; that the money which had been loaned by the said Alice Holwede to the firm as aforesaid had been received by her from her husband from time to time, before the 22d day of June, 1885; that said George Holwede had been in the habit, from time to time, of giving his wife money with which to pay household expenses, and that during the course of several years the said Alice Holwede had saved, out of the money so given her, small amounts, and that she had, out of said savings and some small sums which had been given to her by her father, deposited in the savings bank $100 on the 7th day of July, 1884, and $100 on the 22d day of June, 1885; that the loan of $175 to said firm was made out of the money so deposited, and was used by said firm to pay rent which was then due. (7) That it had been customary for the members of the said firm to draw from the funds, on the 1st day of each month, a certain small sum of money, the precise amount of which does not appear, to be used for household expenses; that on the 1st day of December, 1886, each of said partners drew the usual amount for household expenses for that month, and that, at the time of making the said assignment, there was in the hands of each one, or the wife of each one, from $30 to $50, part of which was used by each one for the payment of bills for household expenses which had been contracted during the month, and the remainder was retained to be used for living expenses, and was not turned over to the assignee; that the amount retained by each one did not exceed $30. (8) That the said assignment for the benefit of creditors was made by the defendants Holwede and Neudahl, and each of them, in good faith, and without any intent to hinder, delay, or defraud their creditors. And I find as conclusions of law: (1) That the assignment is valid; (2) that the said defendants are entitled to judgment dismissing the plaintiff's complaint with one bill of costs against the said plaintiff." Judgment was entered upon this decision, and the plaintiff appealed to this court.

The central contention of the learned counsel for the plaintiff is that, upon the evidence given on the trial, the court should have rendered a decision in favor of the plaintiff. There was evidence tending to support all the findings of the trial justice. The considerations presented by the learned counsel for the appellant in his brief were probably considered and determined by the trial justice. There are no grounds upon which there can be a reversal because the findings of the trial court were against evidence; and, upon the findings of fact, the court reached a proper conclusion. It is also urged on behalf of the appellant that the court erred in rejecting the judgment roll in an action in this court in which John F. Dorothy and John Graham were plaintiffs, and the plaintiff in this action, defendant. That action was brought to set aside a chattel mortgage in favor of the plaintiff in this action, but the plaintiffs failed, and the complaint was dismissed, upon which judgment was entered which was affirmed on appeal by this court. It is obvious that that judgment would throw no light upon the questions litigated upon this trial, and the evidence was properly excluded. The fact that the assignment contained preferences is no objection to its validity. *Hauselt* v. *Vilmar*, 76 N. Y. 630. The judgment must be affirmed. All concur.