### WOOD *v.* MITCHELL *et al.*

(*Supreme Court, Special Term, New York County.* November, 1890.)

1. CONFESSION OF JUDGMENT—SETTING ASIDE.
   The confession of a judgment for an honest debt by a defendant in favor of his co-defendants, by which means they obtained a preference over plaintiff, will not be set aside merely because the confession was made after defendant had for that specific purpose obtained from plaintiff an extension of the time to answer, where there is no agreement, express or implied, that, pending the extended time, the existing *status* should not be changed by any act of defendant.

2. EQUITABLE ASSIGNMENT.
   A verbal promise by a contractor that he would pay for material furnished him when in funds from his contract does not amount to an equitable assignment of the funds, and does not entitle the material-man to a lien thereon, as against other creditors of the contractor.

Action by Charles Wood against William Mitchell and others. Plaintiff sold defendant Mitchell material used by him in the construction of life-saving stations, for which he had a contract with the United States government. Plaintiff extended the time to answer for 20 days, and during such time defendant Mitchell confessed judgment in his co-defendants' favor. Plaintiff now prays judgment that the confessed judgment by defendant Mitchell in favor of his co-defendants be set aside as fraudulent and void as against plaintiff, and he also demands that his judgment be declared an equitable lien on the moneys due defendant upon his contract, on the ground that said defendant was financially irresponsible, and that plaintiff furnished him the material solely in reliance on the moneys to become due under the government contract. For former report, see 6 N. Y. Supp. 232, 948, *mem.*

*Bergen & Dykman,* for plaintiff. *E. D. Barlow,* (*J. Hampden Dougherty,* of counsel,) for defendant Mitchell. *Smith & Dougherty,* for other defendants.

BARRETT, J. I cannot accede to the proposition that confessions of judgment, given for honest debts, are to be set aside merely because they were so given after the plaintiff had extended the defendants' time to answer in the action then pending. Mitchell had a right to prefer these creditors, and, so long as they were not parties to a fraud, their vested rights cannot be taken from them. But it was not a fraud, even upon Mitchell's part, to pay or secure his honest debts, and, though he obtained the extension for that specific purpose, the confessions were but the exercise of a legal right. Whether the time necessary to prepare and execute the confessions was obtained by judicial order, by consent, or by interposing a frivolous answer is immaterial. There

was here no agreement, express or implied, that, pending the extended time, the existing *status* should not be changed by any act of the defendant. The case, therefore, is not analogous to *Jaques* v. *Greenwood,* 12 Abb. Pr. 232. It is more like *Hauselt* v. *Vilmar,* 2 Abb. N. C. 222, affirmed 76 N. Y. 630, where *Jaques* v. *Greenwood* was analyzed, and shown to rest upon the fact of an express agreement that no assignment would be made pending the stay of proceedings. There judgment had actually been entered, and, by means of the stay secured upon the agreement that no assignment would be made, the creditor was deprived of the benefit of a levy.

The other point made upon the plaintiff's behalf is even less tenable. There is nothing whatever in the facts testified to by the plaintiff to warrant his claim of an equitable lien upon or assignment of any portion of what was coming to Mitchell from the United States. There was nothing in the nature of an appropriation of the funds, nothing which would have authorized the United States to pay directly to the plaintiff. There was no assignment, pledge, or order. Mitchell merely promised to pay when he was in funds from his contract with the government, and this promise was purely personal. There should be judgment for the defendants, dismissing the complaint upon the merits, with costs to the defendants Patterson Bros., Theodore Smith, and Henry Smith, jointly, to the defendants Hobby and Doody, and to the defendant E. B. James.