the court and the Northampton tables.   If the insurance were for the full value of the building, the life tenant would receive that proportion of the insurance as would represent his life interest under that rule.   When he insures his interest only, why should a different rule govern,—a different measure of damage be applied?   If such a building were to be restored, the life tenant would have an equitable duty to furnish such a proportion of the cost of restoration as would be represented by the value of his life estate as thus estimated.   Such, then, would seem to me a more equitable rule of damage to be applied in determining the plaintiff's loss in the case at bar.   From the evidence the jury should have determined the value of that building, and from the rule of the court and the Northampton tables the value of the life estate could be mathematically, and, I think, legally, obtained.   For these reasons, I concur in the decision for a new trial.

EDWARDS, J., concurs.

(66 App. Div. 293.)

THIRD NAT. BANK OF BUFFALO v. BUFFALO WHEEL CO. et al.

(Supreme Court, Appellate Division, Fourth Department.   November 12, 1901.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—FRAUD.

> Where defendant, in an action on a note, failed to answer or demur, but procured extensions of time under agreement that no judgment should be entered against it, and that on its part no other claims should intervene or judgments be entered against it prior to plaintiff's claim, and that it would promptly notify plaintiff of anything which might intervene to the prejudice of its priority, an assignment for the benefit of creditors, made by defendant in disregard of its agreement and without notice to plaintiff, will be set aside as fraudulent.
>
> McLennan, J., dissenting.

Appeal from special term, Erie county.

Action by the Third National Bank of Buffalo against Buffalo Wheel Company and another.   Judgment for plaintiff, and defendants appeal.   Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, and WILLIAMS, JJ.

James M. C. Mitchell, for appellants.
Loren L. Lewis, for respondent.

WILLIAMS, J.   The judgment appealed from should be affirmed, with costs.   The action was brought to set aside a general assignment for the benefit of creditors as fraudulent and void as to the plaintiff, and its judgment and the relief asked for was granted by the trial court.   The assignment was made by the defendant wheel company, an insolvent domestic corporation, and was without preferences.   The facts constituting the alleged fraud found by the trial court, upon adequate evidence, were as follows:   The wheel company was indebted to the plaintiff upon a note of $2,500, dated February 24, 1898, payable one month after date.   An action was commenced upon this note April 8, 1898.   No notice of appearance,

answer, or demurrer was ever served in the action by the wheel company. Two extensions of time for the wheel company to answer or demur were obtained from the plaintiff, of 10 days each, with an agreement that judgment should not be entered in the meantime, the first one April 28, 1898, and the other May 8, 1898, the latter expiring May 18, 1898, so that judgment might have been entered May 19, 1898. These extensions were obtained by the wheel company upon the agreement by it that no other claims should intervene or judgments be entered against the wheel company ahead of the plaintiff's claim; that the wheel company would permit nothing to occur that would prejudice the plaintiff's claim, or prevent the plaintiff from obtaining the priority which it had under its action; that nothing would occur to prevent the plaintiff from collecting its debt from the wheel company in the order in which it then stood, and if, during the time of the extensions, anything intervened to prejudice the priority of the claim which the plaintiff had obtained in the commencement of its action, the wheel company would immediately notify the plaintiff's attorneys, and the plaintiff could then enter its judgment, and protect, retain, and preserve the priority which it had acquired in the commencement of its action to enter judgment therein. These extensions were granted, and the agreement not to enter judgment in the meantime were made by the plaintiff, in reliance upon the statements and agreements made by the wheel company. On the 18th day of May, 1898, the wheel company, in violation and disregard of its promises and agreements made to the plaintiff, and without notice to the plaintiff, made and delivered the assignment, and it was recorded. The court further found, in the nature of conclusions of fact, that the assignment was made by the wheel company for the purpose and with the intent of hindering, delaying, and defrauding the plaintiff in the collection of its claims, and in obtaining the priority and advantage in the entry of its judgment which had accrued to the plaintiff in the commencement of its action, and but for the wheel company's acts would have accrued to it in the entry and enforcement of its judgment. It was further found that the wheel company had real and personal property upon which such judgment would have been a lien more than sufficient to satisfy the plaintiff's claim, and that the making, delivering, and recording of the assignment deprived the plaintiff of its right of priority in the entry of the judgment which it had obtained by the commencement of the action.

There was no finding that the wheel company, when it obtained the extensions and agreement not to enter judgment, had in view or intended to make an assignment, or that the extensions and agreement were obtained for the purpose of enabling it to make the assignment. The evidence in the record seems to indicate that the wheel company, all the time, until just before the assignment was made, intended and hoped to be able to bring new capital into the business, and to continue the same, and obtained the extensions and agreement for the purpose of enabling it to do this, and that it intended to keep its promises and agreements made with the plaintiff, and only at the last was an assignment suggested or thought of.

So that the real question here involved is whether the violation of the promises and agreements of the wheel company by the making, delivering, and recording of the assignment, although such promises and agreements were originally made in good faith, constituted fraud for which the assignment should be set aside.

The respondent relies in support of the judgment appealed from upon Jaques v. Greenwood, 12 Abb. Prac. 232; Clark v. Taylor, 37 Hun, 312; H. B. Claflin Co. v. Arnheim, 87 Hun, 238, 33 N. Y. Supp. 1037. In Jaques v. Greenwood, a judgment having been taken by default against the debtors, they obtained a stay of proceedings on the pretense that they had a defense to the action, and on the assurance of the attorney that they would not make an assignment for the benefit of creditors. They did, during the time of the stay, make an assignment with preferences, and thereby prevented the creditors from realizing anything on their judgment. The court held the assignment void as to these creditors, as made with intent to hinder, delay, and defraud them. This case is referred to and distinguished, without criticism upon this point, in Hauselt v. Vilmar, 2 Abb. N. C. 222–226; Id., 43 N. Y. Super. Ct. 574; Id., 76 N. Y. 630. In Clark v. Taylor, the debtor, for the purpose of inducing two of his creditors to refrain from entering judgment (which they might have done, and such judgment would then have been collectible from the debtor's property), among other things promised that, if he concluded to make a general assignment, he would give these creditors notice of his intention so to do 24 hours before executing it. Thereafter the debtor, without giving any notice to these creditors, made a general assignment, containing preferences, these creditors being placed in the fifth class. These creditors thereafter entered judgment, issued execution, and, after its return, brought action to set aside the assignment as fraudulent as to them. The court upon the trial found that the debtor intended to make the assignment at the time of making his promise, which he made for the purpose of preventing these creditors from exercising their legal rights, and to gain time in which to make the assignment, and therefore held that the assignment was fraudulent as to these creditors, and set it aside as to them. This case approves of and follows Jaques v. Greenwood, and distinguishes Hauselt v. Vilmar. In H. B. Claflin Co. v. Arnheim, the debtor, before his time to answer had expired, procured his time to be extended, upon his promise to one of his creditors, among other things, that he would not dispose of his property, and that there would be no change in his property, that no judgments would be entered against him, and that the creditor would not in any way be prejudiced by the delay. The debtor in violation of his promise, and with a view to defrauding this creditor, and to prevent his obtaining a preference, confessed judgments to five other creditors. Upon motion to restrain the sheriff from disposing of proceeds of property until the determination of an action brought to have the first creditor's judgment declared to be a lien upon the proceeds prior to the lien of the five creditors whose judgments were confessed, it was held that a debtor would not be allowed, by fraudulent promises or agreements, to deprive one of his creditors of a

benefit which, but for such fraud, he would have obtained, and that the right to enter the judgment which the creditor had secured could not be postponed by the fraud of his debtor, and such judgment thus be made subsequent and subordinate to judgments confessed to other of his creditors for antecedent debts.   This case approves of and follows Jaques v. Greenwood and Clark v. Taylor, and considers and distinguishes Wood v. Mitchell, 26 Abb. N. C. 129, 14 N. Y. Supp. 7; Id., 17 N. Y. Supp. 782; Id., 137 N. Y. 567, 33 N. E. 339.   In this latter case the court said the case was not analogous to Jaques v. Greenwood, but was more like Hauselt v. Vilmar.   In Robinson v. Hawley, 45 App. Div. 287, 61 N. Y. Supp. 138, Clark v. Taylor and H. B. Claflin Co. v. Arnheim were cited as authority for the proposition that the execution and delivery of chattel mortgages by a debtor in violation of an agreement with a creditor, with the intent to deprive the creditor of the benefit of a security theretofore given by the debtor, was a gross fraud, and one which should not be permitted to deprive the creditor of the benefit which but for such fraud he would have obtained, and should not operate to postpone the judgment so as to make it subordinate to the chattel mortgages.   There are no authorities in conflict with those here cited.

None of these cases are precisely like the one we are considering, but the principles determined are applicable, and are decisive of the question here involved.   The plaintiff was called upon to give the extensions, and to defer the entry of its judgment in the meantime upon the promises and agreements made by the wheel company.   It had acquired a right practically to priority in payment of its claim over the claims of other creditors.   It had commenced its action, and the wheel company's time to answer or demur was about to expire. It would have expired, and the judgment could have been entered, and a lien secured upon property sufficient to satisfy the claim in full, ahead of the other creditors.   It consented to give the extensions and defer entry of its judgment upon the promise made by the wheel company, in effect, that its priority should be preserved, and the debtor would do nothing to interfere therewith.   The question is not whether these promises were fraudulently made, but whether the assignment was fraudulently made and delivered and recorded. There was no time after the promise was made that it could be violated, honestly or in good faith.   The mere making of the assignment was a violation of  the promise, was dishonest, was a fraud, and the finding by the trial court, as conclusions of fact, that the assignment was made by the wheel company for the purpose and with the intent of hindering, delaying, and defrauding the plaintiff in the collection of its claim, and in obtaining the priority and advantage in the entry of its judgment which had accrued to it in the commencement of its action, and but for the wheel company's acts would have accrued to it in the entry and enforcement of its judgment, flowed naturally from the facts proven, and necessarily resulted in the relief granted in the case.

It is said that it was the duty of the wheel company to make a general assignment, and making such assignment without preferences evinced an honest purpose.   The difficulty with the claim is

that there was no duty imposed upon the wheel company to be dishonest, to cheat, or to defraud. The cases cited show that the plaintiff here had acquired practically a right to full payment of its claim before any other creditor was paid anything. This right the wheel company could not honestly deprive plaintiff of by the making and violation of promises relied upon by the plaintiff. The assignment, if permitted to stand, would deprive plaintiff of this right,—this priority,—and no duty imposed upon the wheel company to make an assignment, nor the failure to make preferences, could render the act of the wheel company in violating its promises, by the making of the assignment, honest, or other than fraudulent. The case was properly disposed of by the trial court.

The judgment appealed from should be affirmed, with costs. All concur, except McLENNAN, J., who dissents, on the ground that the promise or agreement made by the president of the defendant corporation did not in any manner affect or control its action; that immediately upon becoming insolvent it was the duty of the defendant corporation to make an assignment of its property, and without preferences; that the promise or agreement relied upon by the plaintiff ought not to have the effect to create a preference in plaintiff's favor, which is the result of the decision of a majority of the court.